# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# LOUISVILLE DIVISION
# CIVIL ACTION NO. 3:21-CV-00110-RGJ

**GAVI MEDICAL LLC**                                                                                           **PLAINTIFF**

**VS.**

**LALO, LLC, et al.**                                                                                              **DEFENDANTS**

## REPORT AND RECOMMENDATION

On June 16, 2022, this Court granted Plaintiff Gavi Medical LLC's Motion to Enforce Settlement Agreement and ordered Defendants Lalo, LLC, et al. to remit payment to Plaintiff, as outlined in the settlement agreement, within fourteen days. (DN 48). The Court further ordered Plaintiff to submit a bill of costs within fourteen days outlining expenses incurred in bringing Defendant's noncompliance to the Court's attention. (*Id.*). But the Court declined to award sanctions, indicating it would reassess the issue if Defendants continued failing to comply with the Court's directives. (*Id.*).

Plaintiff timely submitted the ordered Bill of Costs. (DN 49). And after Defendants failed to remit payment within fourteen days, Plaintiff filed a Motion for Sanctions, Contempt, and Judgment. (DN 50). Defendants have not responded. The District Judge referred Plaintiff's filings to the undersigned United States Magistrate Judge for proposed findings of fact and recommendation for disposition. (DN 51).

The parties in this breach-of-contract action reached a tentative settlement on October 22, 2021. (*See* DN 36-1). Defense Counsel drafted a "Confidential Settlement Agreement and Release of All Claims" signed by Defendant Jay Taylor, Defendant Lalo, LLC's CEO, on December 9, 2021. (DN 36-4). Plaintiff's representative signed the Agreement on December 13, 2021. (*Id.*).

The Agreement provided Defendants would pay Plaintiff within twenty-one days of the Agreement being executed. (*Id.*).

When Defendants failed to tender the agreed payments, Plaintiff filed a Motion to Enforce Settlement Agreement and Motion for Sanctions/Attorney's Fees. (DN 35). One week after Plaintiff filed its Motion, Defense Counsel filed a Motion to Withdraw, citing irreconcilable differences and breakdowns in the attorney-client relationship. (DN 37). Plaintiff opposed Defense Counsel's Motion to Withdraw, asserting Defense Counsel was a key witness to the failed settlement, and it would be highly prejudicial to permit new counsel to step in and face potential sanctions for Defendants' failure to comply. (DN 39).

The Court held a telephonic conference to address these issues on February 24, 2022. (DN 43). The Court ordered ex parte settlement calls be scheduled and briefing on Plaintiff's Motion to Enforce Settlement/Motion for Sanctions be stayed. (*Id.*). Based on additional information provided by Defense Counsel, the Court ultimately granted his request for withdrawal and gave Defendants thirty days to secure replacement counsel. (DN 44). The Court scheduled another call for April 15, 2022 and warned Defendants their failure to appear would result in show-cause proceedings. (*Id.*).

After Defendants failed to participate in the April 15, 2022 telephonic conference, the Court scheduled an in-person show-cause hearing for May 15, 2022. (DN 46). Defendants once again failed to appear. The Court consequently ordered individual Defendants Jay Taylor and Samir Taieb would be deemed pro se and reinstated Plaintiff's Motion to Enforce Settlement/Motion for Sanctions. (*Id.*).

The Court granted Plaintiff's Motion to Enforce Settlement, finding the parties had entered a valid contract for settlement, the parties were bound by such agreement, and Defendants must

comply with its terms within fourteen days. (DN 48). Once more, Defendants did not comply. Plaintiff has now requested the Court issue sanctions against Defendants, including holding them in contempt, and convert the settlement amount into a federal judgment. (DN 50). Plaintiff contends Defendants have made a mockery of the judicial system by failing to comply with any court orders. Plaintiff believes that by giving Defendants multiple opportunities to comply, the Court also gave Defendants ample time to dispose of any and all funds in the United States by which they could have paid a settlement.

At this point, the Court finds the appropriate course of action is entry of judgment in favor of Plaintiff in the amount the parties agreed upon in the settlement agreement plus the amount Plaintiff has expended in securing Defendants' compliance with the agreement. The Court declines to additionally find Defendants in contempt because entry of the aforementioned judgment should serve as an adequate remedy.

The Court **THEREFORE RECOMMENDS** Plaintiff's Motion for Sanctions, Contempt, and Judgment (DN 50) be **GRANTED in part as follows:**

(1) Judgment shall be entered in Plaintiff's favor in the amount of $775,000.00, as identified in the parties' signed settlement agreement.

(2) Defendants are further ordered to remit payment in the amount of $720.00 in taxable costs pursuant to Fed. R. Civ. P. 54(d)(2) and KRS § 453.050 for Plaintiff's attorneys' fees incurred in obtaining Defendants' compliance with the settlement agreement.

NOTICE

Therefore, under the provisions of 28 U.S.C. § 636(b)(1)(B) and (C) and Fed.R.Civ.P. 72(b), the Magistrate Judge files these findings and recommendations with the Court and a copy shall forthwith be electronically transmitted or mailed to all parties. Within fourteen (14) days after being served with a copy, any party may serve and file written objections to such findings and recommendations as provided by the Court. If a party has objections, such objections must be timely filed or further appeal is waived. *Thomas v. Arn,* 728 F.2d 813 (6th Cir.), *aff'd*, 474 U.S. 140 (1984).

Copies:   Counsel of Record

  Jay Taylor (to be served by Certified Mail)
  LALO, LLC
  1676 Main St.
  San Diego, CA 92113
  jay@lalo.com

  Samir Taieb
  samir@lalo.com